IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 4:24-cv-00871 |
| v. | COMPLAINT |
| CASTLE HILLS MASTER ASSOCIATION INC., BRIGHT REALTY LLC, BRIGHT INDUSTRIES LLC, and BRIGHT EXECUTIVE SERVICES LLC | |
| Defendants. | **JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Ashley Cross who was adversely affected by such practices. As alleged with greater particularity in paragraphs 18-31 below, Defendants discriminated against Cross when they failed or refused to accommodate her disability, placenta previa, in violation of the ADA. Defendants further discriminated against Cross when they terminated her because of her disability in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a); Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas.

**PARTIES**

3. Plaintiff, Equal Employment Opportunity Commission ("EEOC"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1).

4. Defendant Castle Hills Master Association Inc., a Texas corporation headquartered in Lewisville, Texas, is a property management association that oversees residential and commercial properties.

5. Defendant Bright Realty LLC, a Texas limited liability company headquartered in Lewisville, Texas, is also a property management company that oversees and manages associations like Castle Hills Master Association Inc.

6. Defendant Bright Industries LLC, a Texas limited liability company headquartered in Lewisville, Texas, is the parent company of Bright Realty LLC.

7. Defendant Bright Executive Services LLC, a Texas limited liability company headquartered in Lewisville, Texas, is the parent company of Bright Industries LLC.

8. At all relevant times, Defendants operated as an integrated enterprise and collectively had at least fifteen (15) employees on a continual basis at times relevant to this civil action. Evidence of their operation as an integrated enterprise includes but is not limited to the following:

    a. Defendants have interrelated operations. For example, Defendant Bright Executive Services LLC handles the human resources functions for all of Defendants' collective employees such as handling accommodation requests, handling employee complaints, maintaining employee personnel files in a central location, and administering benefits.

    b. Defendants share a centralized control of labor relations and are commonly managed. Employees at Defendant Bright Realty LLC managed the day-to-day work and performance of employees at Defendant Castle Hills Master Association. This included the power to terminate employees and deny reasonable accommodations.

    c. Defendants are commonly owned and financially controlled. Defendant Castle Hills Master Association is managed by a company owned by Defendant Bright Realty LLC. Defendant Bright Industries LLC owns Defendant Bright Realty LLC. Defendant Bright Executive Services LLC owns Defendant Bright Industries LLC.

9. At all relevant times, Defendants have continuously been doing business in the State of Texas.

10. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

11. At all relevant times Defendants have been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

12. On June 29, 2023, more than thirty days prior to the institution of this lawsuit, Cross filed a charge of discrimination with EEOC, alleging, in part, violations of the ADA by Defendants.

13. On May 14, 2024, EEOC issued to Defendants a Letter of Determination finding reasonable cause to believe that Defendants violated the ADA. In this same letter, EEOC invited Defendants to join in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

14. The Commission engaged in communications with Defendants to provide them the opportunity to remedy the discriminatory practices described in the Letter of Determination.

15. EEOC was unable to secure from Defendants a conciliation agreement acceptable to EEOC.

16. On June 28, 2024, EEOC issued to Defendants a Notice of Failure of Conciliation, advising Defendants that EEOC was unable to secure an acceptable conciliation agreement.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

18. Since at least August 2022, Defendants engaged in unlawful employment practices, in violation of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5), by failing or refusing to accommodate Cross's disability, placenta previa, and terminating her because of this disability.

19. Cross is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). At all relevant times, Cross had an impairment, placenta previa, which substantially limited her in the operation of her reproductive system, a major bodily function. Defendants were aware that Cross was a person with a disability.

20. Beginning on or near September 2021, Cross began working for Defendants. On or around February 21, 2022, she began working as a Resident Coordinator for Castle Hills Master Association Inc.

21. As a Resident Coordinator, Cross was responsible for providing support to residents, serving as the primary point of contact for the Castle Hills Homeowners Association, interacting and communicating with residents efficiently and professionally, being knowledgeable of the deeds and covenants within the Castle Hills community, coordinating architectural review applications, handling miscellaneous clerical tasks, and attending community meetings and HOA events.

22. In or around May 2022, Cross informed Defendants that she was pregnant and had been diagnosed with complete placenta previa, making her pregnancy high-risk and would need to deliver via C-section.

23. In or around July 2022, Cross reached out to Bright Executive Services LLC's Human Resources Coordinator for details about Defendants' collective maternity and disability leave policies. The Human Resources Coordinator informed Cross that Defendants did not provide any leave outside of leave covered under short-term disability benefits or the Family Medical Leave Act.

24. On or around August 29, 2022, Cross was hospitalized due to pregnancy complications related to her placenta previa. Cross sought an accommodation because her doctor advised that she be on bedrest.

25. While still in the hospital, Cross spoke to her supervisor, Bright Realty LLC's Assistant Association Manager, about her request for an accommodation. The Assistant Association Manager requested medical documentation.

26. On September 6, 2022, Cross submitted a note from her doctor stating Cross would need to be placed on bedrest and would be able to return to work after she gave birth.

27. On September 7, 2022, Defendants terminated Cross. Defendants did not otherwise engage in any discussion with Cross about her disability and accommodation request and she submitted the note from her doctor.

28. On September 28, 2022, only three weeks after she was placed on bedrest, Cross gave birth via C-section. Cross would have been able to return to her position as resident coordinator after she recovered from the C-section necessitated by her placenta previa.

29. Cross was replaced by an employee that was not disabled at the time this employee was hired.

30. Defendants failed or refused to accommodate Cross's disability in violation of ADA, 42 U.S.C. § 12112(b)(5). Cross sought a reasonable accommodation based upon the limitations of her disability, but Defendants denied this request and terminated her.

31. Defendants terminated Cross based on her disability, in violation of the ADA, 42 U.S.C. § 12112(a).

32. The unlawful employment practices complained of in paragraphs 18-31 above were intentional.

33. The unlawful employment practices complained of in paragraphs 18-31 above were done with malice or with reckless indifference to the federally protected rights of Cross.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in conduct which results in discrimination because of disability.

B.   Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendants to make whole Cross, who was adversely affected by Defendants' discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendants to make Cross whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search or other out-of-pocket expenses.

E.   Order Defendants to make Cross whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life in amounts to be determined at trial.

F.   Order Defendants to pay Cross punitive damages for its malicious or reckless conduct described above in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

EEOC requests a jury trial on all questions of fact raised by its Complaint.

                                              Respectfully submitted,

                                              KARLA GILBRIDE
                                              General Counsel

                                              CHRISTOPHER LAGE
                                              Deputy General Counsel

                                              ROBERT A CANINO
                                              Regional Attorney

                                              <u>/s/ Brooke E. López</u>
                                              BROOKE E. LÓPEZ
                                              Trial Attorney
                                              U.S. EQUAL EMPLOYMENT
                                              OPPORTUNITY COMMISSION
                                              Dallas District Office
                                              207 Houston, 3rd Floor
                                              Dallas, Texas 75202
                                              (TEL) (972) 918-3597
                                              (FAX) (214) 253-2749